UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RALPH STEPHEN BAZE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY DEPARTMENT OF | ) | **MEMORANDUM OPINION** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of certain Defendants' motion to dismiss claims asserted against them in this action. [Record No. 10] The motion was filed on February 4, 2009, on behalf of Defendants John Rees, Tom Simpson, and Alan Brown. Plaintiff Ralph Baze has not filed a response within the time permitted by the Local Rules. Accordingly, the Court will proceed to review the motion without the benefit of a response from Baze.

**ANALYSIS**

Initially, the Defendants point out that, under 42 U.S.C. § 1997e, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Baze is clearly subject to this exhaustion provision. And while his Complaint alleges that he filed a grievance against Defendant Lisa Lamb [Record No. 1], he does not contend that he has filed such a

grievance against any other Defendant. As a result, the claims against Defendants Brown, Simpson, and Rees will be dismissed, without prejudice, based upon the Plaintiff's failure to exhaust his administrative remedies.[1]  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007).

In addition to the Plaintiff's failure to exhaust, the Defendants assert that Defendant Rees should be dismissed as a party to this action because he is no longer an employee of the Kentucky Department of Corrections.[2]  Inasmuch as this action was only allowed to proceed against the individual Defendants in their official capacities, this argument is also well-taken. Therefore, Defendant John Rees also will be dismissed from the action for this reason.

Finally, Defendants Rees and Simpson assert that the action should be dismissed because Plaintiff Baze has failed to allege facts that would support a civil rights action against them. While this argument appears to be well-taken, the Court need not address it at this time because these Defendants will be dismissed from this action for the reasons stated above.

**CONCLUSION**

Accordingly, it is hereby

**ORDERED** that the motion to dismiss filed by Defendants John Rees, Tom Simpson, and Alan Brown [Record No. 10] is **GRANTED**. The claims asserted against these Defendants by Plaintiff Ralph Baze are **DISMISSED**, without prejudice.

---

[1] The Defendants also correctly note that, because the action is effectively one for injunctive relief against the Commonwealth of Kentucky, there is no need for them to participate in the action as parties. [Record No. 10, p. 2]

[2] According to the Defendants, Ladonna Thompson was named Commissioner of the Kentucky Department of Corrections in January 2008.

This 3rd day of March, 2009.

