UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RALPH STEPHENS BAZE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-54-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY DEPARTMENT OF | ) | **MEMORANDUM OPINION** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* Plaintiff Ralph Baze filed this action following an incident that occurred on November 8, 2007, during an interview with a Fox News correspondent. The interview took place at the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky. Baze alleges that, during the interview, Lisa Lamb, Director of Communications for the Kentucky Department of Corrections (KDOC), prevented Baze from discussing alleged instances of prisoner abuse within the Kentucky prison system. As a result, he asserts that his First Amendment rights were violated.

Baze's Complaint asserted various claims against the KDOC and several individuals employed within that department pursuant to 42 U.S.C. § 1983. However, following screening, this Court dismissed a number of those claims. More specifically, the Court dismissed all federal and state claims seeking monetary damages asserted against all defendants and all federal claims seeking injunctive and declaratory relief asserted against Defendant KDOC. [Record No. 5] Thereafter, the Court granted a motion to dismiss by Defendants John Rees, Tom Simpson, and

Alan Brown. [Record No. 13] Thus, the only claims remaining are Baze's claims for injunctive and declaratory relief against Defendant Lamb in her official capacity[1] and his claims against KDOC seeking injunctive and declaratory relief for alleged violations of state law. The defendants have now moved the Court to enter judgment on the pleadings in their favor with respect to those claims. [Record Nos. 31, 33]

After reviewing the relevant authorities, the Court finds the defendants' position to be well-taken. Accordingly, their motions filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure will be granted.

## I.   Relevant Facts

As discussed more fully below, evaluation of a motion for judgment on the pleadings under Rule 12(c) requires that the Court accept the accuracy of the facts set forth in a plaintiff's complaint. Those facts are outlined in the Court's prior Memorandum Opinion and Order and will be repeated herein for the purpose of analyzing the present motions.

Baze was one of two petitioners in a high-profile appeal regarding the constitutionality of lethal injection decided by the United States Supreme Court in April 2008.[2] Prior to oral arguments in that case, a Fox News Channel correspondent, Steven Brown, came to the KSP to interview Baze about his case. The interview took place in the KSP inmate activity room with Defendants Lisa Lamb and Alan Brown present. During the interview, correspondent Steven

---

[1] For the reasons discussed in the Court's November 25, 2008, Memorandum Opinion and Order, Baze's Complaint has not been construed to assert claims against Lamb in her individual capacity. [*See* Record No. 5, p. 4 n.7]

[2] *Baze v. Rees*, 553 U.S. 35 (2008).

Brown commented that there were some people who felt that Baze should suffer when put to death. Baze responded that living in prison was suffering, and then proceeded to give some examples of abuse inmates allegedly suffer at the KSP. At this point, Baze alleges, Lamb stood up and threatened to stop the interview because the topic was supposed to be lethal injection, not prisoner abuse. Baze concedes, however, that the interview proceeded for another 35 to 40 minutes. And while the remainder of the interview dealt primarily with his allegations of judicial, prosecutorial, and police misconduct that Baze claims led to his false imprisonment, Lamb did not attempt to stop the interview for getting off the topic of lethal injection.

Baze filed a grievance against Lamb two days after the interview. Through the grievance, Baze contended that Lamb violated his right to free speech under the United States and Kentucky Constitutions when she refused to let him speak about prisoner abuse during his interview. Upon review of Baze's grievance and the Informal Resolution Response submitted by Defendant Alan Brown, the Grievance Committee sided with Brown. This decision was upheld on initial appeal to Defendant Simpson, and on subsequent appeal to Defendant Rees.

**II.     Standard of Review**

When a court examines a motion for relief under Rule 12(c) of the Federal Rules of Civil Procedure, it must construe the allegations in the pleadings in the light most favorable to the non-moving party. *JPMorgan Chase, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Under this standard, the Court may grant a motion for judgment on the pleadings when no genuine issue of material fact remains and the case can be decided as a matter of law. *Id.* at 582. However, even under this liberal standard, the Court is not required to accept bald assertions, unwarranted

inferences, or sweeping legal conclusions which are simply cast in the form of factual allegations. *Id.* at 581-82.

**III. Analysis**

Although this Court previously concluded that the *pro se* plaintiff's claims for injunctive and declaratory relief are not clearly frivolous such that they withstood initial screening, they are not sufficient to overcome the present motions. First, § 1983 does not provide a remedy for violations of state law. Rather, the statute's reach is "'limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law.'" *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (quoting *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989)); *see also McCarthy v. City of Cleveland*, 626 F.3d 280, 283 n.1 (6th Cir. 2010) ("The violation of a provision of state law is not cognizable under § 1983."). Thus, to the extent Baze seeks relief under § 1983 for alleged violations of state law, his claims must be dismissed. If he wishes to pursue claims against the defendants for violations of state law, he must do so in state court.

The remaining claims, which seek declaratory and injunctive relief against Defendant Lamb for an alleged violation of Baze's First Amendment right to free speech, must be dismissed because Baze does not have standing to assert them. "Standing is the 'threshold question in every federal case.'" *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)). There are three elements to Article III standing. First, the plaintiff must allege injury in fact, *i.e.*, that he "suffered some actual or threatened injury due [to the] alleged illegal conduct." *Id.* The second

element is causation: the plaintiff's "injury must be fairly traceable to the challenged action." *Id.* Finally, "there must be a substantial likelihood that the relief requested will redress or prevent [the] injury." *Id.* To satisfy the injury-in-fact element, a plaintiff seeking declaratory or injunctive relief "must show actual present harm or a significant possibility of future harm." *Id.* Mere "'past exposure to illegal conduct'" is not enough to establish a case or controversy that meets the standing requirements; the plaintiff must also allege "'continuing, present adverse effects'" from that conduct. *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Here, the plaintiff has not demonstrated that the alleged illegal conduct by Defendant Lamb is ongoing, nor does he show a likelihood that such conduct will reoccur in the future. The extent of his claim against Lamb is that she violated his First Amendment right to free speech by stopping his interview with a Fox News correspondent in November 2007. [*See* Record No. 2, p.5 ¶¶ 26-27; *see also id.*, p. 2 ¶ 10] There is no indication that Lamb has stopped any subsequent interviews of the plaintiff or that she has placed improper restrictions on the topics discussed during such interviews. In short, the plaintiff has not adequately alleged injury in fact, and thus he lacks Article III standing to pursue his claims for declaratory and injunctive relief against Defendant Lamb.

### IV. Conclusion

Based on the foregoing analysis, it is hereby

**ORDERED** that the Motions for Judgment on the Pleadings filed by Defendant Lisa Lamb [Record No. 31] and Defendant Kentucky Department of Corrections [Record No. 33] are

**GRANTED**.  The plaintiff's claims for declaratory and injunctive relief asserted under federal and state law are **DISMISSED**, without prejudice.

This 31st day of January, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge